UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-9382-SB (SK) Date: July 16, 2026

Title Ivan Rueda v. Bryan Birkholz, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff Ivan Rueda is a blind federal inmate who originally filed suit here under 42 U.S.C. § 1983. He alleged that that the federal prison he was housed in at the time—FCI Lompoc II—had failed to provide him needed accommodations and denied transfer to a facility with an accommodating "inmate companion program." (ECF 1 at 5). That complaint was dismissed with leave to amend, however, because plaintiff cannot sue under § 1983 as a federal (rather than state) inmate and, in any case, plaintiff evidently had not fully exhausted his administrative remedies. (ECF 10). Plaintiff was also informed that, if he has any federal cause of action, it would likely lie in the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., which provides for equitable relief and limited compensatory damages. Without curing those deficiencies, though, plaintiff filed a first amended complaint that largely restated the same claims and requests for relief alleged in the original complaint. (ECF 12).

Meanwhile, plaintiff *has* been transferred to a different federal facility: FCI Oakdale II in Oakdale, Louisiana.[1] (*Id.* at 1). An inmate's transfer to a different facility will ordinarily moot any claims for injunctive relief aimed at the original facility because the inmate is no longer subject to the challenged conditions there. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). That would be especially true here if part of the reason for his transfer was to accommodate his needs as a blind inmate. And in any case, even if his needs still aren't being met at the new facility, plaintiff is required to

[1] The Court takes judicial notice of the BOP Inmate Locator website. *See United States v. Basher*, 629 F.3d 1161, 1165 n. 2 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-9382-SB (SK) Date: July 16, 2026

Title Ivan Rueda v. Bryan Birkholz, et al.

fully exhaust his administrative remedies before filing suit in any federal court, as the court explained before. *See* 42 U.S.C. § 1997e(a).

* * *

For these reasons, plaintiff is ORDERED TO SHOW CAUSE by no later than **<u>August 7, 2026</u>** why this action should not be dismissed without prejudice as moot. Dismissal would not preclude plaintiff from filing a complaint under the Rehabilitation Act if the FCI Oakdale II facility is not complying with that Act consistent with plaintiff's needs. At the same time, though, venue for such a complaint would likely lie in the Western District of Louisiana. *See* 28 U.S.C. §§ 98(c), 1391; *see also United States v. White*, 2011 WL 2531086, at *1 & n.5 (E.D. La. June 24, 2011). So even if an amended complaint alleging a colorable Rehabilitation Act claim were filed here, it would be transferred to the district of confinement since the conditions of the facility in that district (FCI Oakdale II) would be at issue. Thus, if the attached notice of voluntary dismissal (Form CV-09) or other written response is not timely filed by the show-cause deadline, plaintiff will be considered to have consented to the voluntary dismissal of this action without prejudice to his available rights in the new federal district of his current confinement. *See* Fed. R. Civ. P. 41(b); Local Rule 41-1.

IT IS SO ORDERED.